### WISNER and others *v.* GRANT and others.

*(Circuit Court, N. D. New York.* February 5, 1880.)

1. PATENT No. 69,713, for horse hay rakes, granted to Joseph H. Shireman October 8, 1867, and re-issued to James E. Wisner December 11, 1877, construed, and fourth, fifth, and sixth claims sustained.

2. PATENT—COMBINATION—INVENTION.

A combination of parts never before combined does not necessarily involve invention, as where a well-known contrivance is used to perform a function exactly analogous to that in which it was formerly used; but where such combination produces a new mode of operation and a more efficient machine, and the conception of which involved thought and intellect, it implies invention.

In Equity.

*L. Hill,* for complainants.

*C. M. Peck,* for defendants.

WALLACE, D. J. I am precluded, by the urgent demands upon my time at present, from doing more than briefly stating my conclusions in this case. Shireman, in his patent of 1867, discloses the first invention in which the entire power of both carrying wheels is utilized at the middle of the rake head in the tilting operation of the horse rake. The power of a constantly revolving axle, driven by both carrying wheels, had been applied at the middle of the axle to communicate

motion for running the machinery in harvesters, seed drills, hay tedders, etc. The power was applied in these machines by the same devices employed by Shireman, but, to utilize it in the hay rake, Shireman had also to employ a lifting device adapted for a horse rake. He found this lifting device in prior inventions; but he certainly made a combination which was new. Not only had not the same parts been employed to do the same work before, but the mode of operation was new. It cannot be doubted that the new combination produced a more efficient machine. There are, undoubtedly, cases where a combination may be made of parts never combined before, where no invention is involved. Such is the case where a well-known contrivance is used to perform a function exactly analagous to that in which it was formerly used. This is not such a case, and I am unable to doubt that thought and intellect reside in the conception.

My principal difficulty has been to determine which of the several claims embody correctly the subject of the patent. The first omits the lifting device, without which the other parts of the combination are useless. The second does not claim a patentable combination in view of the prior state of the art. The third omits the ratchets and pawls, and is so broad as to cover any devices by which a constantly revolving axle can be secured in a hay rake. It would cover an axle made fast at both wheels. The fourth covers a lifting wheel in a horse rake which rotates constantly by power applied from both wheels when the rake is advancing, "substantially as described;" which means, when arranged and constructed substantially as pointed out in the specification. The fifth I construe as the equivalent of the fourth. The sixth should be construed as though the words "substantially as described" were added. The seventh and eighth include the pressure contrivance, which must be limited to the particular construction described, or else is too broad, and if thus limited is not used by the defendants.

A decree for an injunction and accounting as to the fourth, fifth, and sixth claims of the patent is ordered, which will be settled upon the usual notice.